UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDER TERRANCE, JOSH LIEBERMAN, MEGAN BARRETT, CHRISTINE HERRICK & DAVE GREENLAW,

                        Plaintiffs,

    v.

CITY OF ROCHESTER, CHIEF OF POLICE DAVID T. MOORE, In His Official and Individual Capacities & SERGEANT SHAW, LIEUTENANT WARD, OFFICERS TORTORA, MACFALL, AND YODICE In their Official and Individual Capacities,

                        Defendants.

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**07-cv-06316**

---

Defendants City of Rochester, Chief of Police David T. Moore Sergeant Shaw, Lieutenant Ward, Officers Tortora, MacFall, and Yodice by their attorneys THOMAS S. RICHARDS, CORPORATION COUNSEL, Matthew D. Brown, Esq., of Counsel, answers Plaintiffs' Second Amended Complaint as follows:

1. State that many paragraphs in the Second Amended Complaint (the "Complaint") refer to "plaintiff Doe" or "John Doe" or "Plaintiff John Doe" and answer the Complaint assuming that such references are to plaintiff Alexander Terrance.

2. Admit the allegations contained in paragraphs 15, 17, 18, 19, 54, 56, and 59 of the Complaint.

3. Deny the allegations contained in paragraphs 20, 32, 34, 36, 37, 38, 39, 42, 43, 44, 45, 46, 47, 51, 52, 53, 57, 58, 62 – 67, 69, 70, 71 – 75, 77 – 81, 84, 85, 86, 88 – 101, 103, 104, 106 – 111, 113 – 119, 121 – 120, 123, 124, 125, 127 – 140, 142, 143, 145 – 151, 154, 155, 156, 158 – 171, 173, 174, 176 – 182, 185, 186, 187, 189 – 202, 204, 205, 207, 208, 210 – 214, 217, 218, 219, 221 – 234, 236, and 237 of the Complaint.

4. State that paragraphs 3, 4, 5, 6, 7, and 9 constitute legal conclusions, to which no response is required, but that to the extent that a response is required, deny the same.

5. States that paragraphs 1, 2, 83, 122, 153, 184, and 216 constitute plaintiff's description of this matter, to which no response is required, but to the extent that a response is required, deny the same.

6. Deny knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraphs 10, 11, 12, 13, 14, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 48, and 49 of the Complaint, and therefore deny the same.

7. State that paragraphs 61, 68, 76, 82, 87, 102, 105, 112, 120, 121, 126, 141, 144, 152, 157, 172, 175, 183, 188, 203, 206, 209, 215, 220, and 235 of the Complaint contain no allegations to which a response is required as said paragraphs incorporate by reference prior allegations. Defendants answer said paragraphs in the same manner and to the same effect that it answered the allegations to which said paragraphs refer.

8. With respect to paragraph 8 of the Complaint, admit that plaintiffs filed Notices of Claim with the City and state that the remaining allegations constitute legal conclusions, to which no response is required, but that to the extent that a response is required, deny the same.

9. State that the Complaint contains no paragraph 16.

10. With respect to paragraph 28 of the Complaint, admit that City of Rochester Police responded to a call at Harvard and Goodman and deny the remaining allegations contained therein.

11. With respect to paragraph 33 of the Complaint, admit that City of Rochester police attempted to disperse a disorderly crowd and deny the remaining allegations contained therein.

12. With respect to paragraph 35 of the Complaint, admit that City of Rochester police attempted to disperse a disorderly crowd and deny the remaining allegations contained therein.

13. With respect to paragraph 40 of the Complaint, admit that plaintiff Terrance was arrested and deny the remaining allegations contained therein.

14. With respect to paragraph 41 of the Complaint, admit that plaintiff Terrance was arrested and deny the remaining allegations contained therein.

15. With respect to paragraph 50 of the Complaint, admit that plaintiff Lieberman was arrested and deny the remaining allegations contained therein.

16. With respect to paragraph 55 of the Complaint, admit a third party was taken into custody and deny the remaining allegations contained therein.

17. With respect to paragraph 60 of the Complaint, admit that plaintiff Terrance was arrested, placed in jail, and charged and deny the remaining allegations contained therein.

18. Further deny any material allegation not specifically admitted herein.

19. Deny that any basis exists in law or in fact for the claims of plaintiff and further deny

that plaintiff is entitled to any of the relief sought by her on her claims set forth in the Complaint.

### FIRST DEFENSE

20. The Complaint fails to state a cause of action upon which relief may be granted against defendants.

### SECOND DEFENSE

21. Defendants did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### THIRD DEFENSE

22. Punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### FOURTH DEFENSE

23. The Rochester Police Department is a department of the City of Rochester and not a separate legal entity, is not a proper party defendant and is not subject to suit under the laws of New York State.

### FIFTH DEFENSE

24. In the event the Complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training and/or supervision, the Second Amended Complaint fails to allege sufficient facts to support such allegations and should be dismissed.

### SIXTH DEFENSE

25. At all relevant times, Defendants acted in the reasonable and good faith belief that their actions were lawful and constitutional. As a result, Defendants are entitled to absolute or qualified immunity.

### SEVENTH DEFENSE

26. New York Criminal Procedure Law Section 160.50(2) specifically enumerates the instance that shall be considered a termination in favor of such a person.

27. From the time of the effective date of the section to the present, the instance described in the Complaint was never included as a "favorable termination."

**EIGHTH DEFENSE**

28. The prosecution of criminal matters in all respects is controlled by the Monroe County District Attorney's Office, and the City of Rochester has no discretion as to any prosecution of or withdrawal of charges.

**NINTH DEFENSE**

29. Any prosecution of plaintiffs was supportable by probable cause and continued by the City of Rochester in furtherance of its duty as charged in accordance with the Criminal Procedure Law of the State of New York; said prosecution was justified, was in good faith and no malice contributed thereto, nor did defendant City of Rochester authorize, condone, permit or ratify any allegedly false, improper or malicious conduct of any person, or adopt any policy condoning such conduct.

**TENTH DEFENSE**

30. The individual defendants are entitled to qualified immunity from suit because:
  a. No clearly established constitutional right was violated.
  b. The Defendants' actions were objectively reasonable under the circumstances.

**ELEVENTH DEFENSE**

31. The City of Rochester and the Rochester Police Department cannot be held liable for the intentional inflection of emotional distress.

**TWELFTH DEFENSE**

32. The official actions of the City of Rochester, its employees, agents or representatives, jointly and severally, constituted a good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

**THIRTEENTH DEFENSE**

33. All conduct by the City of Rochester, or by its officers, employees, agents or representatives was justified under the circumstances herein; was privileged conduct in the performance of defendants' police function; was supported by probable cause; was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

**FOURTEENTH DEFENSE**

34. Any arrest or detention of the plaintiffs was justified under the circumstances then existing; that any force used in affecting said arrest or detention was justified under the circumstances

then existing; that all acts alleged to have been performed by the defendants were performed without any malice contributing thereto.

### FIFTEENTH DEFENSE

35. The force, if any, used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damage suffered by plaintiff were due to or caused by reason of plaintiff's improper acts or conduct.

### SIXTEENTH DEFENSE

36. Any duty attributable to the City of Rochester to perform police functions, or to employ, train, or equip a police force or individual police officers, is a duty to the general public and not a duty to any particular individual upon which liability may be premised unless the City undertook a special duty to the plaintiff.

37. The City of Rochester did not take any action or make any assurance to the plaintiff which could constitute the creation of a special duty for plaintiff's benefit.

### SEVENTEENTH DEFENSE

37. The City of Rochester is required to defend, indemnify and hold harmless its police officers when those police officers are sued for actions taken within the scope of their employment and, therefore, the City of Rochester is the real party in interest herein.

### EIGHTEENTH DEFENSE

38. The actions complained of arose during the arrest of the plaintiff by police officers acting in an official capacity; that such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

**WHEREFORE**, Defendants demand judgment dismissing plaintiffs' Complaint, together with the costs and disbursements of this action.

January 29, 2008               THOMAS S. RICHARDS, CORPORATION COUNSEL

                               By:    /s/ Matthew D. Brown
                                      Matthew D. Brown, Esq., of Counsel
                                      *Attorneys for Defendants*
                                      30 Church Street, Room 400A
                                      Rochester, NY  14614

                                                (585) 428-6699
                                          Brownm@cityofrochester.gov

TO:    LAW OFFICE OF CHRISTINA A. AGOLA
        *Attorney for Plaintiffs*
        28 East Main Street
        730 First Federal Plaza
        Rochester, New York 14614
        (585) 262-3320
        caaesq@rochester.rr.com